## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NEUROELECTRICS BARCELONA, S.L.,   :
                                                :
                                                :
                                                :
                      Plaintiff,     :
                                       : Civil Action No. _____
          v.                         :
                                       : **JURY TRIAL DEMANDED**
NEUROLECTRICS, INC.,               :
                                                  :
                                                :
                    Defendant.    :

## COMPLAINT

Plaintiff Neuroelectrics Barcelona, S.L. ("Neuroelectrics"), by and through its
undersigned counsel, brings this action for trademark infringement, unfair competition, and false
designation of origin against Defendant Neurolectrics, Inc. ("Defendant"), arising out of
Defendant's unauthorized use of Neuroelectrics' trademark.  In support of this complaint,
Neuroelectrics alleges the following:

## NATURE OF THE ACTION

1.      This is an action for (i) federal trademark infringement under the Lanham Act, 15
U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1114(1); (ii) federal unfair competition and false
designation of origin under 15 U.S.C. § 1125(a); (iii) trademark infringement under Delaware
common law; (iv) unfair competition and false designation of origin under Delaware common law,
(v) cyberpiracy under 15 U.S.C. § 1125(d); (vi) deceptive trade practices Under 6 Del. C. § 2532;
and (vii) unjust enrichment.

2.      The subject matter of this action is Neuroelectrics' trademark and trade name
NEUROELECTRICS and federal registration therefor (hereinafter collectively "the

NEUROELECTRICS mark"), which has been in use for several years in association with research, services, and products relating to the field of brain monitoring, brain stimulation and cognitive enhancement.

3.     Defendant has infringed and/or committed acts constituting unfair competition and deceptive trade practices against the NEUROELECTRICS mark by Defendant's unauthorized incorporation and use of a nearly identical trade name and advertisement and sale of its "BrainStimulator" device on Defendant's website having a URL address that is confusingly similar to the NEUROELECTRICS mark.

## THE PARTIES

4.     Plaintiff Neuroelectrics is a foreign corporation organized and existing under the laws of Spain with an office address of Teodor Roviralta, 45, 08022 Barcelona, Spain.

5.     Neuroelectrics is engaged in the business of designing, developing, manufacturing, marketing, and selling diagnostic and treatment telemedicine wireless platforms, including platforms for brain monitoring, brain stimulation, and cognitive enhancement which employ transcranial direct current stimulation ("tDCS").

6.     Upon information and belief, Defendant is a Delaware corporation having a principal address of 2828 Cachran Street, Suite 354, Simi Valley, CA 93063, incorporated on April 30, 2014.

7.     On information and belief, Defendant manufactures, distributes, and sells devices which Defendant purports provide tDCS functionality.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 15 U.S.C. §§ 1114 and 1125(a), in that this action arises under the trademark laws

of the United States, and under the principles of supplemental jurisdiction pursuant to

28 U.S.C. § 1367.

9.      Upon information and belief, this Court has personal jurisdiction over Defendant

because Defendant is incorporated in the state of Delaware, Defendant conducts business in this

judicial district, and/or because Defendant has caused tortious injury to Neuroelectrics in this

judicial district and regularly does business in this judicial district.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and (d) because

Defendant is subject to personal jurisdiction in this District, and on information and belief, has

committed acts of infringement in this District, and conducts business in this District.

## FACTUAL BACKGROUND

11.     Neuroelectrics is the owner of the NEUROELECTRICS mark, including common

law rights and United States Trademark Registration No. 4,883,614 ("the '614 Registration"),

registered on January 12, 2016, for NE NEUROELECTRICS in International Classes 35, 41, and

42 respectively covering, *inter alia*, advertising, educational services, and scientific/

technological services relating to the field of the brain monitoring, brain stimulation and

cognitive enhancement.  A Certificate of Registration for the '614 Registration is attached as

**Exhibit A**.

12.     The '614 Registration is an extension of International Registration (IR) No.

1238983, registered August 29, 2014, which IR is based upon European Community Trade Mark

(CTM) Registration No. 12246823, filed October 23, 2013 and registered March 5, 2014. The

Certificates of Registration for the IR and CTM registrations are also attached as **Exhibit A**.

13.     The '614 Registration is currently valid and subsisting.

3

14.     Neuroelectrics is an international leader in the development and manufacture of diagnostic and treatment telemedicine wireless platforms, including platforms for brain monitoring, brain stimulation, and cognitive enhancement which employ tDCS in connection with the NEUROELECTRICS mark.  Neuroelectrics' Starstim® product, for example, combines tDCS functionality with the capacity for mobile electroencephalogram ("EEG") data capture. Aspects of the Starstim® product are described in the website printout attached as **Exhibit B**.  In conjunction with this marketing, Neuroelectrics has allocated millions of dollars to advertising and promoting said products and services under the NEUROELECTRICS mark.  As a result, the NEUROELECTRICS mark enjoys substantial goodwill and widespread international and United States consumer recognition in the arena of high quality services and products relating to brain monitoring, brain stimulation, and cognitive enhancement, and particularly those platforms which employ tDCS.

15.     Neuroelectrics' president Dr. Giulio Ruffini, through Neuroelectrics' affiliate, Starlab Barcelona S.L., is the listed registrant of the domain name <neuroelectrics.com> and has been so listed since at least as early as December 22,  2010.  Neuroelectrics has posted authorized content advertising Neuroelectrics' tDCS services and products, featuring the NEUROELECTRICS mark, in connection with the <neuroelectrics.com> domain name, since at least mid-2012.  A printout of the current WHOIS information and the relevant portion of the WHOIS history for the domain name registration <neuroelectrics.com>  are attached as **Exhibit C.**

16.     In addition, as of the filing date of this complaint, Neuroelectrics is actively engaged in expanding its use of the NEUROELECTRICS mark in connection with the above

identified products and services in interstate commerce throughout the United States, including the State of Delaware.

17.     The NEUROELECTRICS mark associated with and displayed on Neuroelectrics' platforms for brain monitoring, brain stimulation, and cognitive enhancement (such as the Starstim®) is inherently distinctive and serves primarily as a designator of origin of said products emanating from or sponsored or licensed by Neuroelectrics.

### Defendant's Infringement

18.     On information and belief, Defendant has sold, offered for sale, promoted, and advertised tDCS devices, including the Brain Stimulator, which Defendant purports provides cognitive enhancement.   Defendant offers such products for sale on behalf of Neurolectrics, Inc. and on its website, www.neurolectrics.com.  A printout of Defendant's website depicting the BrainStimulator for sale at www.neurolectrics.com is attached as **Exhibit D.**

19.     Current WHOIS information for the <neurolectrics.com> domain name lists Defendant as the owner of the domain name and WHOIS history information shows that domain name was first registered on April 13, 2014, and that Defendant was listed as the owner of the domain name at least as early as July 29, 2015.  Printouts of the current WHOIS information and relevant portions of the WHOIS history for the domain name registration <neurolectrics.com> are attached as **Exhibit E.**

20.     On information and belief, Defendant's tDCS devices are of inferior quality and lack any regulatory approval.

21.     Defendant's marketing and sale of tDCS devices on behalf of Neurolectrics, Inc. and on its website, www.neurolectrics.com, has caused and continues to cause actual confusion with Neuroelectrics' products and services.

22.     A customer of Defendant submitted a complaint to Neuroelectrics alleging that Neuroelectrics failed to provide four of Defendant's stimulators for a tDCS trial, as promised. The email from Defendant's customer to Neuroelectrics is attached as **Exhibit F**.

23.     In a similar incident, a different customer of Defendant complained to Neuroelectrics regarding the delayed and uncertain status of her order.  The email from Defendant's customer to Neuroelectrics is attached as **Exhibit G**.

24.     The complaints described in Exhibit F and Exhibit G demonstrate that consumers mistakenly believed that Neuroelectrics was responsible for the inferior products or services provided by Neurolectrics.

25.     Actual confusion between Defendant's inferior products and Neuroelectrics is ongoing.  Neuroelectrics continues to receive phone calls and other inquiries from consumers regarding Defendant's products.

26.     Neuroelectrics, acting through counsel, has sent multiple cease and desist letters to Defendant detailing the allegations contained herein and demanding, *inter alia*, that Defendant immediately cease all use of the **NEUROELECTRICS** mark, including all confusingly similar variants thereof and cease use of the <neurolectrics.com> domain name.  Copies of this correspondence are attached as **Exhibit H**.

## COUNT I

**(Federal Trademark Infringement under** 15 U.S.C. §§ 1114 - 1118**)**

27.     Neuroelectrics repeats and re-alleges each allegation contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Defendant's acts, as alleged above, are without permission or authorization of Neuroelectrics and are likely to cause confusion, mistake and/or deception, and constitute trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 - 1118.

29.     Defendant has infringed the '614 Registration in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of tDCS products for sale in connection with the trade name Neurolectrics, Inc. and in connection with a site accessible under the domain name <neurolectrics.com>.

30.     Defendant has adopted, used, marketed and promoted its goods in bad faith with an attempt to trade on Neuroelectrics' reputation and goodwill in the NEUROELECTRICS mark.

31.     Defendant's infringement is knowing, deliberate and willful.

32.     Defendant's infringement of the '614 Registration has caused actual confusion among consumers.

33.     Defendant's acts have caused irreparable damage and injury to Neuroelectrics and are likely to continue to cause irreparable injury to Neuroelectrics unless Defendant is enjoined and restrained by this Court from further use of the NEUROELECTRICS mark in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT II

### (Common Law Trademark Infringement)

34.     Neuroelectrics repeats and re-alleges each allegation contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     Neuroelectrics is the owner of the NEUROELECTRICS mark and has used it in the State of Delaware, including at least in connection with a website accessible under the domain name <neuroelectrics.com>.

36.     The use and advertising of a nearly identical and confusingly similar variant of the NEUROELECTRICS mark by Defendant as a trade name and in its domain name constitutes trademark infringement in violation of the common law of Delaware and causes a likelihood of confusion, deception, and mistake.

37.     Defendant has adopted, used, marked, and promoted its goods using its nearly identical and confusingly similar variants of the NEUROELECTRICS mark in bad faith with an attempt to trade on Neuroelectrics' reputation and goodwill.

38.     Defendant's infringement is knowing, deliberate and willful.

39.     Defendant's acts have caused irreparable damage and injury to Neuroelectrics and are likely to continue to cause irreparable injury to Neuroelectrics unless Defendant is enjoined and restrained by this Court from further use of the NEUROELECTRICS mark, or variants thereof, in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT III

**(Federal Unfair Competition/False Designation of Origin** under 15 U.S.C. §§ 1125(a)**)**

40.     Neuroelectrics repeats and re-alleges each allegation contained in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.     Defendant's use in commerce of nearly identical and confusingly similar variants of the NEUROELECTRICS mark in advertising and promoting its products constitutes a false designation of origin and a false description, which falsely indicates that Defendant's products originated from or are affiliated with or are endorsed by Neuroelectrics.

42.    Defendant's use of its nearly identical and confusingly similar variants of the NEUROELECTRICS mark are likely to divert business from Neuroelectrics to Defendant, causing damage to Neuroelectrics' business representation, image, and goodwill.

43.    Defendant's acts constitute unfair competition, false designation of origin and a violation of 15 U.S.C. §1125(a).

44.    Defendant's acts have caused irreparable damage and injury to Neuroelectrics and are likely to continue to cause irreparable injury to Neuroelectrics unless Defendant is enjoined and restrained by this Court from further use of the NEUROELECTRICS mark or variants thereof in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT IV

### (Common Law Unfair Competition/False Designation of Origin)

45.    Neuroelectrics repeats and re-alleges each allegation contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.    Defendant's use in commerce of its nearly identical and confusingly similar variants of the NEUROELECTRICS mark in advertising and promoting its products constitutes a false designation of origin and a false description, which falsely indicates that Defendant's products originated from or are affiliated with or are endorsed by Neuroelectrics.

47.    Defendant's use of its nearly identical and confusingly similar variants of the NEUROELECTRICS mark are likely to divert business from Neuroelectrics to Defendant, causing damage to Neuroelectrics' business representation, image, and goodwill.

48.    Defendant's acts constitute unfair competition and false designation of origin in violation of the common law of Delaware.

49.     Defendant's acts have caused irreparable damage and injury to Neuroelectrics and are likely to continue to cause irreparable injury to Neuroelectrics unless Defendant is enjoined and restrained by this Court from further use of the NEUROELECTRICS mark and variants thereof in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT V

### (Federal  Cyberpiracy under 15 U.S.C. §1125(d))

50.     Neuroelectrics repeats and re-alleges each allegation contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     Defendant's acts complained of herein constitute federal cyberpiracy in violation of the Lanham Act, 15 U.S.C. §1125(d).

52.     At the time of registration of the domain name <neurolectrics.com> by Defendant, the NEUROELECTRICS mark was distinctive and in use in the United States by Neuroelectrics, including in connection with the domain name <neuroelectrics.com>.

53.     Defendant's registration of the domain name <neurolectrics.com>, which is a nearly identical, confusingly similar variant of the NEUROELECTRICS mark, and intentional use in bad faith of the same for commercial gain in connection with promotion of nearly identical goods and services, enables Defendant to profit from the use of the NEUROELECTRICS mark by diverting consumers from Neuroelectrics' online location to a website accessible under the domain name <neurolectrics.com> and is likely to harm the goodwill represented by the NEUROELECTRICS mark by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Defendant's website.

## COUNT VI

### (Deceptive Trade Practices Under 6 Del. C. § 2532)

54.     The allegations of paragraphs 1 through 53 above are incorporated herein by reference.

55.     Defendant's unauthorized use in the course of business of Plaintiff's NEUROELECTRICS mark in the advertising and promotion of goods which are highly related to Plaintiff's goods and services causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Neuroelectrics; and otherwise creates a likelihood of confusion or of misunderstanding.

56.     Defendant's acts constitute deceptive trade practices in violation of 6 Del. C. § 2532.

57.     Defendant's acts are knowing, intentional, and willful.

58.     As a result of Defendant's infringement of the NEUROELECTRICS mark, Plaintiff has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## COUNT VII

### (Unjust Enrichment)

59.     Neuroelectrics repeats and re-alleges each allegation contained in paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.     This cause of action arises under the common law of Delaware.

61.     As a result of the acts and activities complained of herein, including Defendant reaping where it has not sown by benefiting from the good will developed  by Neuroelectrics in the NEUROELECTRICS mark, Defendant has been unjustly enriched, and Neuroelectrics has no adequate remedy at law.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff asks that this Court grant relief as follows:

A.      A judgment that the NEUROELECTRICS mark has been infringed by Defendant under 15 U.S.C. § 1114;

B.      A judgment that the NEUROELECTRICS mark has been infringed under Delaware common law;

C.      A judgment that Defendant has committed acts of unfair competition and false designation of origin under 15 U.S.C. § 1125(a);

D.      A judgment that Defendant has committed acts of unfair competition and false designation of origin under Delaware common law;

E.      A judgment that Defendant has been unjustly enriched;

F.      That Defendant be permanently enjoined from use of the NEUROELECTRICS mark or any confusingly similar designation, alone or in combination with words, as a trademark, trade dress, service mark, domain name, or otherwise to market, advertise, or identify Defendant or its goods and services;

G.      That Neuroelectrics be awarded the amount by which Defendant has been unjustly enriched by confused consumers who have purchased Defendant's tDCS products under the belief that they were purchasing Neuroelectrics' tDCS products;

H.      That Neuroelectrics be awarded the amount it would have benefited had confused consumers purchased Neuroelectrics' tDCS products rather than Defendant's tDCS products;

I.      That Neuroelectrics be awarded treble damages and attorney's fees for Defendant's acts under 15 U.S.C. § 1117(b) and 6 Del. C. § 2533(c);

J.      That Defendant be ordered to transfer the domain name <neurolectrics.com> to Neuroelectrics;

K.      That Defendant be ordered to change its legal name from Neurolectrics, Inc. to a legal name not likely to cause confusion with the NEUROELECTRICS mark;

L.      For an award to Neuroelectrics of its reasonable attorney's fees;

M.      For an award to Neuroelectrics of its costs in this action plus interest on all monetary damages awarded; and

N.      For such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Neuroelectrics hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted,

Dated: May 12, 2016

/s/ Rex A. Donnelly
Rex Donnelly (# 3492)
Christopher H. Blaszkowski (#5673)
RatnerPrestia
1007 Orange Street
Suite 205
Wilmington, DE  19801

(302) 778-2500
radonnelly@ratnerprestia.com
cblaszkowski@ratnerprestia.com

ATTORNEYS FOR PLAINTIFF,
Neuroelectrics, S.L.